**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 17432.

United States Court of Appeals
Fifth Circuit.

July 22, 1960.

Rehearing Denied Oct. 26, 1960.

Robert E. May, Washington, D. C., Martin A. Row, Dallas, Tex., Herf M. Weinert, Beaumont, Tex., for petitioner.

Howard E. Wahrenbrock, Sol., Willard W. Gatchell, Gen. Counsel, Federal Power Commission, Washington, D. C., for respondent.

Before RIVES, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

Sun Oil Company has brought to this Court for review an order of the Federal Power Commission which treats the rate fixed by a contract for the sale by Sun of natural gas as a rate change under Section 4(d) of the Natural Gas Act.[1] Sun owned nine leases in a producing gas field in Acadia Parish, Louisiana. These leases were included in gas units created by the Department of Conservation of the State of Louisiana. Sun was a party to agreements which provided that the gas units should be operated by Atlantic Refining Company, which also had leases in the units. The operating agreements reserved to Sun, as a non-operator, the right to take in kind or separately to dispose of its share of the gas produced from the operating units. If neither of these rights was exercised, then Atlantic had authority to sell the gas of Sun at the price paid to Atlantic for its own gas, unless and until Sun elected to make other disposition of its gas. Atlantic had made a contract for the sale of its gas from the field to Unit-

---

1. 15 U.S.C.A. § 717c (d).

ed Fuel Gas Company. There was nothing in this contract which could be regarded as a continuing obligation of Atlantic for the sale and delivery of Sun's share of the gas from the two units. The contract of Atlantic with United Fuel was filed by Atlantic with the Commission as a rate schedule and it subsequently filed rate increases under escalation clauses in the contract. Atlantic did not undertake any rate filing with the Commission as an operator on behalf of Sun as a non-signatory co-owner of gas pursuant to Section 191(b) of the Commission's Regulations under the Natural Gas Act.

By rate change filings Atlantic had increased its price to 18.2 cents per Mcf, subject to the possibility of refunds under Section 4 of the Natural Gas Act in the event the increases resulting in that rate should be found unreasonable. On January 29, 1958, Sun entered into a contract with United Fuel for the sale of the gas produced from its nine leases. This contract fixed the price at 18.2 cents per Mcf. In all other material respects this contract was the same as the Atlantic contract with United Fuel. Sun submitted its 1958 contract to the Commission as an initial rate filing, not subject to suspension, and sought a Disclaimer of Jurisdiction, or in the alternative, a Certificate of Public Convenience and Necessity. The Commission treated the contract as a rate change, and by order of July 11, 1958, suspended it for a two-day interval, and then permitted it to become effective subject to refund. Having rejected the contract as an initial rate filing, the Commission took no action on the application for Disclaimer of Jurisdiction or for a Certificate of Public Convenience and Necessity. Sun filed an application for a Rehearing. The Commission, by a letter order dated August 15, 1958, rejected the application and asserted that the July 11th order was not a final order. By its petition filed with this Court, we are asked to review both orders.

After an initial rate has been established by contract or otherwise, the seller may, unless prohibited by contract, file a new rate schedule or rate change with the Commission. The Commission is empowered to determine whether such new rate is reasonable and may, pending such determination, suspend the new rate for a five-month period and require the posting of a bond or other indemnity to protect the refunds to which consumers would be entitled if the new rate is ultimately held to be unreasonable. Initial rates may be reviewed by the Commission but any reduction would be operative prospectively only, and not, as in the case of rate changes, as of the time the increase was put into effect. Sections 4 and 5 of the Natural Gas Act, 15 U.S.C.A. §§ 717c–717d. See Atlantic Refining Co. v. Public Service Commission, 360 U.S. 378, 79 S.Ct. 1246, 3 L. Ed.2d 1312.

Sun is an independent producer of natural gas within the meaning of the Natural Gas Act. The sales made of its gas from the leases here involved were jurisdictional sales and subject to regulation pursuant to the Act. Phillips Petroleum Co. v. State of Wisconsin, 347 U.S. 672, 77 S.Ct. 794, 98 L.Ed. 1035. Until Sun made its own contract with United Fuel its gas was sold by its authorization under the contract between Atlantic and United Fuel. The Commission required, by a series of orders, that independent producers engaging in jurisdictional sales should apply for a certificate authorizing the sale of natural gas and to submit a rate schedule. This was done by Atlantic. This was not done by Sun. We are unwilling to assume that Sun, with knowledge of these orders and having complied with them in other situations,[2] had willfully disregarded the provisions of the Act and the orders of the Commission. On the contrary, it

2. Sun Oil Co. v. Federal Power Commission, 5 Cir., 244 F.2d 77; Sun Oil Co. v. Federal Power Commission, 5 Cir., 256 F.2d 233, certiorari denied 358 U.S. 872, 79 S.Ct. 111, 3 L.Ed.2d 103; Sun Oil Co. v. Federal Power Commission, 5 Cir., 266 F.2d 222, affirmed 80 S.Ct. 1388, 1405.

would seem apparent that the sales and deliveries of Sun's gas were made under the authorization of Atlantic's certificate as well as at Atlantic's rate, and that such was the position of Sun. We think it should not now be heard to contend otherwise.

■■ The power of the Commission over Sun and its sales and deliveries of gas is not dependent upon it having made application for and the Commission having issued a Certificate of Public Convenience and Necessity. J. M. Huber Corp. v. Federal Power Commission, 3 Cir., 1956, 236 F.2d 550, certiorari denied 352 U.S. 971, 77 S.Ct. 363, 1 L.Ed. 2d 324. Where a contract has, by its terms, expired and a new contract has been made between the same parties without substantial difference except as to rates, no initial rate filing is permissible and a new rate could be made effective only by invoking the procedures of Section 4 of the Act. Sun Oil Co. v. Federal Power Commission, 80 S.Ct. 1388, 1405, affirming 5 Cir., 266 F.2d 222. We think it was not contemplated that initial rate schedules should be filed in situations where sales are continued to a buyer without any changes in the terms of sale other than price. It follows that the contract made by Sun in its own name with the pipe line company, differing in substance from Atlantic's contract only as to rate, cannot be regarded as an initial rate filing.

■ The view which we take is, we think, required by recent decisions of the Supreme Court. That Court has this to say:

"Clearly, the rate change provisions of §§ 4(d) and 4(e), rather than the 'initial rate' provisions of § 4(c), are better tailored to the situation that exists when an initial contract of sale of natural gas terminates, and the supply of gas continues, whether under a new contract or without one. When a producer commences interstate sales from a particular field, or when an interstate transmission company commences sales to a local distributing company, there are by definition no existing rates, and accordingly the protective provisions of §§ 4(d) and (e), which are bottomed on delaying the effectiveness of, and suspending changes are not relevant. But of course this is not the case where one sales contract expires and service continues; in this situation, where a rate change is proposed, the protective provisions fit as well as they do in the case of a rate change made pursuant to a contract, during its term." Sunray Mid-Continent Oil Co. v. Federal Power Commission, 80 S.Ct. 1392, 1405. See Sun Oil Co. v. Federal Power Commission, 80 S.Ct. 1388, 1405.

The principles so announced are, in our view, applicable here and controlling. The rates fixed by the Sun-United Gas contract are rate changes; not initial rates. The new rates are subject to Section 4 of the Act including the suspension provisions. And, of course, the service cannot be abandoned without Commission approval. Sunray Mid-Continent Oil Co. v. Federal Power Commission, supra.

■ The Commission moved to dismiss the petition for review on the ground that the orders are not final and that administrative procedures have not been concluded. The motion was denied by order of March 23, 1959. We think that the motion was properly denied for the reasons assigned for denying a like motion in a prior case between Sun and the Commission, Sun Oil Co. v. Federal Power Commission, 5 Cir., 266 F.2d 222, 226.

The order of the Commission is

Affirmed.